IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FERNANDO GARCIA,**

                    **Petitioner,**

        v.                                   CASE NO. 08-3215-RDR

**COMMANDANT, UNITED STATES**
**DISCIPLINARY BARRACKS, et al.,**

                    **Respondents.**

## O R D E R

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Respondents filed an answer and return, to which petitioner filed a traverse. Some three months later, petitioner filed a separate memorandum (Doc. 9) in support of his petition.

Before the court is respondents' motion (Doc. 10) to strike the supplemental memorandum. Respondents correctly note this filing is inconsistent with federal habeas corpus practice, and not authorized by any federal rule. Respondents also contend the filing is superfluous because it simply reiterates arguments petitioner already presented in his earlier pleadings, and presents no new issues of fact or law in support of petitioner's habeas application or traverse. Respondents ask the court to strike any further pleadings filed by petitioner without permission of the court.

In response, petitioner filed a motion (Doc. 11) for leave to file his supporting memorandum.

It is well recognized that pro se litigants are to be granted

greater leeway by construing their pleadings liberally and holding them to less stringent standards than lawyers.  *See* Andrews v. Heaton, 483 F.3d 1070, 1076 (10th Cir. 2007).  Nonetheless, pro se litigants are still expected "to follow the same rules of procedure that govern other litigants."  Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

Under the circumstances, where respondents acknowledge the supplemental memorandum presents no new issues or arguments which warrant further response by respondents, the court denies respondents' motion to strike this specific pleading.  Petitioner's motion for leave to file the supporting memorandum, which has already been docketed in this case, is thus denied as moot.

Petitioner is advised, however, that this matter is now ready for review and decision by the court.  No further amendments to the petition, or arguments in support thereof, should be filed without first seeking and obtaining leave of the court to do so.

IT IS THEREFORE ORDERED that respondents' motion to strike (Doc. 10) is denied, and that petitioner's motion for leave to file a supporting memorandum (Doc. 11) is denied as moot.

DATED:  This 1st day of April 2009, at Topeka, Kansas.


　　　　　　　　　　　　　　　　 s/ Richard D. Rogers
　　　　　　　　　　　　　　　　RICHARD D. ROGERS
　　　　　　　　　　　　　　　　United States District Judge