IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FERNANDO GARCIA,**

       **Petitioner,**

   v.          CASE NO. 08-3215-RDR

**COMMANDANT, UNITED STATES
DISCIPLINARY BARRACKS, et al.,**

       **Respondents.**

## MEMORANDUM AND ORDER

Petitioner proceeds pro se on a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Having reviewed the record which includes petitioner's supplemental memorandum, respondents' answer and return and petitioner's traverse, the court denies the petition.[1]

### BACKGROUND

In 1998, a jury found petitioner guilty in a general court martial of specifications of robbery, larceny, housebreaking, and the interstate transport of stolen property. The Navy-Marine Corps

---

[1] Petitioner initiated this action while confined in the United States Disciplinary Barracks in Fort Leavenworth, Kansas. Prior to his release on July 31 2009, petitioner filed a motion to essentially continue this court's habeas corpus jurisdiction after his release.
 When petitioner filed the instant petition, he was "in custody" requirement for or the purpose of seeking federal habeas corpus relief. Carafas v. LaVallee, 391 U.S. 234, 238 (1968). His habeas challenge to the constitutionality of his court-martial conviction was not rendered moot by his subsequent release from custody. See Spencer v. Kemna, 523 U.S. 1, 7-8 (1998)(criminal conviction is presumed to have continuing collateral consequences).

Court of Criminal Appeals (NMCCA) affirmed,[2] but the Court of Appeals for the Armed Forces (CAAF) set aside petitioner's convictions and sentence, finding petitioner had received ineffective assistance from his trial counsel.[3]

In 2004, petitioner was retried before a general court-martial composed of a military judge.  This time he was convicted on his pleas of guilty to the charged specifications.  The sentence imposed included 35 years of confinement.  Pursuant to the pretrial plea agreement, the convening authority suspended confinement in excess of 20 years.  The NMCCA again affirmed petitioner's conviction and sentence.[4]  The CAAF granted petitioner's petition for review and affirmed the NMCCA's decision.  It granted petitioner's motion for leave to file a petition for reconsideration out of time, and denied that petition.  The United States Supreme Court denied *certiorari* review.

Petitioner then filed the instant petition seeking habeas corpus relief under 28 U.S.C. § 2241 on a single issue.  Petitioner claims the military appellate courts failed to provide full and fair review of petitioner's Fourth Amendment claim in light of a Supreme Court case decided in 2006 during petitioner's second round of appeals.

---

[2]United States v. Garcia, 57 M.J. 716 (N.M.Ct.Crim.App. 2002).

[3]United States v. Garcia, 59 M.J. 447 (Ct.App.Armed Forces 2004).

[4]United States v. Garcia, 2007 WL 1704946 (N.M.Ct.Crim.App. January 10, 2007)(unpublished).

2

**STANDARD OF REVIEW**

Habeas corpus relief can be granted under 28 U.S.C. § 2241 to a federal prisoner who demonstrates he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2241(c). A United States District Court has limited authority to review court-martial proceedings for such error. Its scope of review is initially limited to determining whether the claims raised by the petitioner were given full and fair consideration by the military courts. Lips v. Commandant, United States Disciplinary Barracks, 997 F.2d 808 (10th Cir. 1993), *cert. denied*, 510 U.S. 1091 (1994). If the issues have been given full and fair consideration in the military courts, the district court should not reach the merits and should deny the petition. Id. When a military court decision has dealt fully and fairly with an allegation raised in a federal habeas petition, it is not open to the federal court to grant the writ by reassessing the evidentiary determinations. Burns v. Wilson, 346 U.S. 137, 142 (1953).

An issue is deemed to have been given "full and fair consideration" when it has been briefed and argued, even if the military court summarily disposes of the matter. Watson v. McCotter, 782 F.2d 143, 145 (10th Cir.), *cert. denied*, 476 U.S. 1184 (1986). "[I]t is not open to a federal civil court to grant the writ simply to re-evaluate the evidence." Burns, 346 U.S. at 142; Khan v. Hart, 943 F.2d 1261, 1263 (10th Cir. 1991). The fact that the military court did not specifically address the issue in a written opinion is not controlling. Lips, 997 F.2d at 821, n.2. Instead, "when an issue is briefed and argued" before a military

3

court, the Tenth Circuit has "held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not find the issue meritorious or requiring discussion." Id., *citing*, Watson, 782 F.2d at 145. The burden is on the petitioner to show that the military review was "legally inadequate" to resolve his claims. Watson, 782 F.2d at 144, *citing* Burns, 346 U.S. at 146. Furthermore, if an issue was not raised before the military courts, the federal habeas court is to deem that issue waived and not subject to review. Watson, 782 F.2d at 145.

Even where the federal court may reach the merits of a petition, review is limited by four factors identified by the Tenth Circuit Court of Appeals: (1) whether the alleged error is of substantial constitutional dimension; (2) whether the issue is one of law rather than a disputed fact resolved by the military courts; (3) whether unique military considerations warrant different treatment of a constitutional issue; and (4) whether the military courts applied the correct legal standards and gave appropriate consideration to the claims. Roberts v. Callahan, 321 F.3d 994, 996 (10th Cir. 2003)(*citing* Dodson v. Zelez, 917 F.2d 1250 (10th Cir. 1990) and Lips).

## DISCUSSION

In the present case, petitioner argues his conviction must be vacated because the military appellate courts failed to properly consider and apply the holding in Georgia v. Randolph, 547 U.S. 103 (2006), to petitioner's Fourth Amendment claim that evidence obtained in the search of his home should have been suppressed. In

4

Randloph, the Supreme Court held that an inhabitant's refusal to consent to a police search controls regardless of a fellow occupant. As in Randolph, petitioner was at his residence when he refused an officer's request to search the home, and the search was then conducted pursuant to the consent of petitioner's wife who was not present.

Respondents contend petitioner presented this argument to the military appellate courts, and that their decision to affirm petitioner's convictions and sentence constituted full and fair review of petitioner's claim. The court agrees.

Petitioner acknowledges he supplemented his appeal to the NMCCA to claim he was entitled to retroactive application of Randolph which was decided while petitioner's appeal was pending in that court. The NMCCA summarily stated there was no merit in this supplemental claim. The CAAF affirmed the NMCCA's decision, and then denied petitioner's motion for reconsideration of NMCCA's refusal to apply Randolph. Thus on the face of the record, petitioner clearly argued to both military appellate courts for application of Randolph, and both appellate courts rejected this claim.

Petitioner nonetheless contends the military appellate courts' summary review and dismissal of his Randolph claim was not "full and fair" as that language is used and applied in Stone v Powell, 428 U.S. 465, 494 (1976), and argues this court may thus review that claim.[5] *See e.g.*, Gamble v. Oklahoma, 583 F.2d 1161, 1165 (10th Cir.

---

[5] In Stone, the Supreme Court held that if a state prisoner was afforded an opportunity to fully and fairly litigate a Fourth

5

1978)(allowing adjudication of Fourth Amendment claim because the state courts failed to recognize or apply a controlling Supreme Court decision). This contention has no merit.

Although petitioner points to Randolph as a Supreme Court case "almost directly on point" to the Fourth Amendment claim petitioner advanced in the military courts, this court is still required to first determine whether the military courts considered and rejected petitioner's claim, or refused to consider it. Burns, 346 U.S. at 144.

During petitioner's first trial and direct appeal, petitioner clearly advanced a Fourth Amendment claim that was strikingly similar to the claim the Supreme Court subsequently decided in Randolph's favor several years later. After petitioner's conviction on retrial, petitioner again sought appellate review of his Fourth Amendment claim regarding the search of his home. Although petitioner contends the review afforded on the record by the military appellate courts was not as extensive as the "full and fair" review required under Stone of state court determinations of Fourth Amendment claims, petitioner's guilty pleas in his second trial clearly undermined the review to which petitioner claims he was entitled.

To avoid the impact of his pleas, petitioner argued to the

---

Amendment claim in the state courts, then federal habeas corpus relief could not be granted on a claim that evidence obtained in an unconstitutional search or seizure was introduced at trial. Id. The holding in Stone has been extended to federal prisoners seeking post-conviction relief under 28 U.S.C. § 2255 from their conviction in a United States District Court. United States v. Cook, 997 F.2d 1312 (10th Cir. 1993).

NMCCA that notwithstanding his unconditional pleas of guilty, the holding in Randolph dictated that all evidence obtained in search of his home should be suppressed, and that Randolph should retroactively apply to his original court-martial since the rehearing was a continuation of that proceeding. To the CAAF, petitioner argued that Randolph constituted a new rule that petitioner should be able to raise in his direct appeal even if he had not preserved the issue in the trial court before entering his guilty pleas. Both appellate courts summarily rejected these arguments. Their denial of relief constitutes their full and fair consideration of whether petitioner was entitled to any relief on his Fourth Amendment claim after entering guilty pleas to the charged specifications. Watson, 782 F.2d at 145 ("When an issue is briefed and argued before a military board of review, we have held that the military tribunal has given the claim fair consideration, even though its opinion summarily disposed of the issue with the mere statement that it did not consider the issue meritorious or requiring discussion.").

The court further notes that even if petitioner's claim could be addressed, petitioner would not be entitled to relief because the military courts adequately considered petitioner's claim and applied the proper legal standard. *See* Roberts, 321 F.3d at 996 (fourth Dodson factor). By entering an unconditional and voluntary plea of guilty, petitioner waived the right to raise all nonjurisditional defenses on direct appeal. *See* U.S. v. Davis, 900 F.2d 1524, 1526 (10th Cir. 1990). As the Supreme Court has explained, "a guilty plea represents a break in the chain of events which has preceded it

in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). Petitioner's contention in his traverse that there could be no knowing waiver of a right not yet recognized by the Supreme Court in Randolph is flawed. In his first trial, petitioner clearly advanced essentially the same claim that was subsequently decided in Randloph. He simply chose not to raise the same claim in his second trial when he entered his unconditional pleas of guilty pursuant to a favorable plea agreement.

## CONCLUSION

Because the court finds the military courts reviewed and rejected petitioner's arguments for application of the holding in Randolph notwithstanding petitioner's pleas of guilty in his second trial, the court concludes petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 must be denied.

IT IS THEREFORE ORDERED that petitioner's motion to continue habeas jurisdiction in this matter following petitioner's release from confinement (Doc. 13) is granted.

IT IS FURTHER ORDERED that petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 is denied.

DATED: This 29th day of October 2009, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge